UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
HAMMOND DIVISION AT LAFAYETTE

NICOLAS B. MARTINEZ, )
)
    Plaintiff, )
)
v. ) CAUSE NO. 4:13-CV-13 RM
)
)
JON P. PHILLIPS, )
)
    Defendant. )

OPINION AND ORDER

Nicolas B. Martinez, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. (DE 1.) Under 28 U.S.C. § 1915A, the court must review the complaint and dismiss it if the action is frivolous or malicious, states no claim, or seeks monetary relief against a defendant who is immune from such relief. Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). Lagerstrom v. Kingston, 463 F.3d 621, 624 (7th Cir. 2006). To survive dismissal, a complaint must state a claim for relief that is plausible on its face. Bissessur v. Indiana Univ. Bd. of Trs., 581 F.3d 599, 602-603 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. at 603. The court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007).

According to the complaint, Mr. Martinez was convicted in state court of various drug offenses. He is suing Jon P. Phillips, the attorney who represented him in the criminal case. He alleges that Mr. Phillips "failed to adequately protect the Plaintiff's Constitutional Rights and Liberties" during the criminal case, resulting in "improper incarceration."

Mr. Martinez does not explain whether Mr. Phillips is a private attorney or a public defender, but in any event, the claim against him cannot proceed. Private citizens cannot be sued for constitutional violations, Savory v. Lyons, 469 F.3d 667, 670 (7th Cir. 2006), and a public defender does not act under color of state law for purposes of 42 U.S.C. § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981) ("[A] public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding."). To the extent Mr. Martinez might seek an order declaring that his Sixth Amendment right to counsel was violated in the criminal case such that he is being wrongfully imprisoned, this type of relief can only be pursued in a habeas corpus petition. *See* Preiser v. Rodriguez, 411 U.S. 475 (1973).

For the reasons set forth above, this action is DISMISSED pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: February  26 , 2013       /s/ Robert L. Miller, Jr.
                                                             Judge
                                                             United States District Court